## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN IMMIGRATION COUNCIL**<br>**1331 G Street, NW, Suite 200**<br>**Washington, DC  20005-3141**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**U.S. CUSTOMS AND BORDER**<br>**PROTECTION**<br>**Office of the Chief Counsel**<br>**1300 Pennsylvania Avenue, NW**<br>**Washington, DC  20229,**<br><br>**and**<br><br>**UNITED STATES IMMIGRATION AND**<br>**CUSTOMS ENFORCEMENT**<br>**Office of the Principal Legal Advisor**<br>**500 12th Street, S.W.**<br>**Washington, DC  20536**<br><br>    **Defendants.** | **CASE NUMBER** _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1. This action seeks to compel U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE") to disclose records requested by the American Immigration Council ("the Council") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, regarding the outcomes of law enforcement activities, including arrests, apprehensions, and removals, conducted by these agencies since January 1, 2016 (the "Request").

2. Since the beginning of the Trump Administration, ICE and CBP have pursued an aggressive enforcement agenda leading to increased immigration-related arrests. In Fiscal Year (FY) 2017, for example, ICE Enforcement and Removal Operations recorded 143,470 administrative arrests, which it indicated constituted "its greatest number of administrative arrests as compared with the past three fiscal years." Fiscal Year 2017 ICE Enforcement and Removal Operations Report, p. 13, available at https://www.ice.gov/sites/default/files/documents/Report/2017/iceEndOfYearFY2017.pdf (last visited June 20, 2018). Similarly, the number of arrests in communities (as opposed to arrests in a prison or jail) increased from 30,348 in FY2016 to 40,066 in FY2017. *Id.* at p. 6.

3. While the government releases some high-level information regarding immigration enforcement, the requested data on enforcement actions and their outcome provide the opportunity to assess the increase in enforcement actions, identify targeted populations, and understand any unintended consequences of the current enforcement framework. Significantly, the data will form the basis of one or more reports that the Council will share with the public. Based on information and belief, including data gathered from a previous FOIA request filed by the Council, ICE and CBP maintain records containing the individual-level data sought through the Request at issue in this case.

4. It has been more than eight months since the Council filed its Request and Defendants have failed to produce records or information, and indeed have failed to make any substantive response to the Request.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202.

6. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Council's principal place of business is located in the District of Columbia.

**The Parties**

7. Plaintiff American Immigration Council is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business at 1331 G Street, Suite 200, Washington, DC 20005. Founded in 1987, the Council works to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. Through its research and analysis, the Council has become a leading resource for policymakers and opinion makers at the national, state, and local levels who seek to understand the power and potential of immigration and to develop policies that are based on facts rather than myths. The Council also seeks, through court action and other measures, to hold the government accountable for unlawful conduct and restrictive interpretations of the law and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process.

8. Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, CBP is responsible for enforcing immigration laws at the borders and other ports of

entry to the United States. CBP inspects individuals seeking entry to the United States, including U.S. citizens, lawful permanent residents, nonimmigrants, and asylum seekers. CBP has authority to apprehend, admit or exclude individuals, issue "expedited removal" orders, make arrests, and detain noncitizens. CBP also facilitates "voluntary returns" whereby noncitizens in the United States give up their right to contest removal and are immediately returned to their home countries. CBP has possession and control over the records the Council seeks.

9. Defendant ICE is an agency within the meaning of 5 U.S.C. § 552(f). ICE is the principal investigative arm of the Department of Homeland Security ("DHS") and is charged with criminal and civil enforcement of the immigration laws. Among ICE's primary duties are the investigation of persons suspected to have violated the immigration laws and the apprehension, arrest, detention, and removal of noncitizens who are unlawfully present in the United States. ICE has possession and control over the records the Council seeks.

### The Council's FOIA Request

10. On October 13, 2017, the Council submitted a FOIA Request to CBP and ICE.

11. The Request seeks specific identified data regarding (a) each individual who was apprehended by CBP, (b) each individual who was encountered by ICE, (c) each individual who was arrested by ICE, (d) each individual who was arrested by CBP, and (e) each individual who was removed or returned from the United States between January 1, 2016 and October 10, 2017. A copy of the October 13, 2017 Request is attached as Exhibit A.

12. The Request also asked that CBP and ICE waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(iii). *See* Exhibit A.

13. On October 13, 2018, CBP confirmed receipt of the Request by e-mail.

14. On December 5, 2018, CBP responded to the Council's request for a fee waiver, indicating that the request "has been determined to be not applicable as the request is not billable."

15. On January 7, 2018, CBP again acknowledged receipt of the Request on October 13, 2018. A copy of CBP's January 7, 2018 letter is attached as Exhibit B.

16. In its letter dated January 7, 2018, CBP invoked the 10-day extension of the 20-day response period allowed under 5 U.S.C. § 552(a)(6)(B) to respond to the Council's Request.

17. On January 29, 2018, having received no acknowledgment from ICE of receipt of the Request, the Council sent an e-mail to ICE to ensure that it was received. The Council attached the October 13, 2017 Request to its email. A copy of the January 29, 2018 letter is attached hereto as Exhibit C.

18. After the Council followed-up, ICE acknowledged receipt of the FOIA request and also invoked the 10-day extension of the 20-day response period to respond to the Council's Request. ICE did not acknowledge the Council's request for a fee waiver. A copy of ICE's January 30, 2018 letter is attached as Exhibit D.

19. Having received no substantive response to its Request from either agency, on February 14, 2018, the Council supplemented its pending request with a new date range. Exhibit E. This supplement did not change the data or records sought; rather, it requested a new date range of January 1, 2016 through the date of the agency's final response to the request.

20. Defendants have failed to produce records or information, and indeed have failed to make any substantive response to the Council's October 13, 2017 Request or supplement thereto.

21. Defendants have violated the applicable statutory time limit for the processing of FOIA requests. Under 5 U.S.C. § 552(a)(6)(A) and (B), Defendants were required to make a determination on the Request within thirty business days.

22. Defendants have wrongfully failed to release responsive records to the Council.

23. Because Defendants have failed to respond to the Council's Request within the applicable statutory period, any administrative remedies are deemed exhausted.

### **Plaintiff's Entitlement to a Waiver of Processing Fees**

24. The Council is entitled to a waiver of processing fees because the disclosure of the information sought through its FOIA Request is in the public interest. Disclosure of the requested information will contribute significantly to public understanding of government operations and activities related to immigration enforcement. The government's policies toward the treatment of immigrants and suspected other non-citizens are of immense public concern at the present and the disclosure of the requested records will help inform public debate about these issues. Release of this information will significantly advance the general public's understanding of DHS's enforcement practices more generally.

25. The Council has the capacity and intent to disseminate widely the requested information to the public. The Council will analyze and post the information obtained through this FOIA Request on its publicly accessible website. If the responsive information is voluminous, the Council also will publish a summary analysis of such information and will disseminate that summary through its established networks. Finally, the Council has regular contact with national print and news media and plans to share information gleaned from the disclosures with interested media.

26. The Council does not seek the requested information for commercial gain, but rather to educate immigration attorneys, immigrants, noncitizens, and other interested members of the public.

27. Defendants ICE and CBP previously have granted the Council a waiver of processing fees where the Council similarly contended that disclosure of the information sought was in the public interest.

### FIRST CAUSE OF ACTION
### Violation of Freedom of Information Act
### for Failure to Conduct an Adequate Search for Responsive Records

28. Plaintiff repeats, alleges and incorporates the allegations in paragraphs 1 - 27 as if fully set forth herein.

29. Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request and supplement thereto.

30. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

31. Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's Request and supplement thereto violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

### SECOND CAUSE OF ACTION
### Violation of Freedom of Information Act for
### Failure to Disclose Responsive Records

32. Plaintiff repeats, alleges and incorporates the allegations in paragraphs 1 – 27 as if fully set forth herein.

33. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Request and supplement thereto. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

34.     Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder

### THIRD CAUSE OF ACTION
### Violation of the Freedom of Information Act
### for Failure to Grant Plaintiff's Public Interest Fee Waiver Request

35.     The Council repeats, alleges and incorporates the allegations in paragraphs 1 – 27 above as if fully set forth herein.

36.     The Council is entitled to a waiver of processing fees associated with responding to the FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

37.     Pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), Plaintiff is independently entitled to a waiver of fees associated with searching for records responsive to the FOIA Request and supplement thereto because (a) Defendants failed to respond within the statutory time limits, and (b) no unusual or exceptional circumstances (as defined in 5 U.S.C. §§ 552(a)(6)(B) and (C)) excuse Defendants' delay in responding.

38.     Defendant CBP determined that Plaintiff's fee waiver was not applicable.

39.     Defendant ICE constructively denied the fee waiver request by failing to make a decision within the statutory time frame.

40.     Defendant ICE's constructive denial of Plaintiff's request for a fee waiver by failing to respond within the statutory time period violates 5 U.S.C. §§ 552(a)(4)(A)(iii) and (viii) and the regulations promulgated thereunder.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendants, and that the Court:

(a) Declare that Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's Request and supplement thereto and failure to promptly disclose responsive records violates FOIA;

(b) Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a reasonable search for records responsive to Plaintiff's Request and supplement thereto;

(c) Enjoin Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants from withholding records responsive to Plaintiff's Request and supplement thereto and order them to promptly produce the same;

(d) Order Defendants to waive the fees associated with Plaintiff's Request and supplement thereto;

(e) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f) Grant all other such relief to Plaintiff as the Court deems just and equitable.

Dated: July 9, 2018

Respectfully submitted,

/s/ Creighton R. Magid
Creighton R. Magid (#476961)
Dorsey & Whitney LLP
1401 New York Ave. NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3000
Fax: (202) 442-3199
magid.chip@dorsey.com

OF COUNSEL:
Michelle S. Grant
Dorsey & Whitney LLP
50 S. Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 3405671
grant.michelle@dorsey.com

Trina Realmuto
American Immigration Council
100 Summer Street, 23rd Floor
Boston, MA 02110
Telephone: (857) 305-3600
Fax: (202) 742-5619
trealmuto@immcouncil.org

*Attorneys for Plaintiff American Immigration Council*